**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4920**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM RAY DUNCAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:17-cr-00064-FL-1)

Submitted: June 20, 2019                                              Decided: June 24, 2019

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Ray Duncan pled guilty to armed robbery of mail, money, or other property of the United States, in violation of 18 U.S.C. § 2114(a) (2012), and was sentenced to 144 months' imprisonment. On appeal, Duncan's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court, when calculating Duncan's advisory Sentencing Guidelines range, erred in applying a four-level dangerous weapon enhancement pursuant to U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(D) (2018). Although notified of his right to do so, Duncan has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal based on the appeal waiver contained in the plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

We review de novo the validity of an appeal waiver. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *Thornsbury*, 670 F.3d at 537 (internal quotation marks omitted).

2

"Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.*

Our review of the plea agreement and the transcript of the Rule 11 hearing confirms that Duncan knowingly and voluntarily waived his right to appeal and that his challenge to the calculation of his Sentencing Guidelines range falls squarely within the scope of the waiver. Accordingly, we grant the Government's motion in part and dismiss Duncan's appeal of his sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of Duncan's valid appeal waiver. Accordingly, we affirm the remainder of the judgment of the district court. This court requires that counsel inform Duncan, in writing, of the right to petition the Supreme Court of the United States for further review. If Duncan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Duncan.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*